# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 28, 2009

Charles R. Fulbruge III
Clerk

No. 07-40933
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

MARCOS DE LA MORA

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:07-CR-772-1

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Marcos De La Mora appeals from the sentence imposed following his guilty plea conviction of being "found in" the United States after having previously been deported, in violation of 8 U.S.C. § 1326. De La Mora was sentenced within his advisory sentencing guidelines range to an 80-month term of imprisonment.

Following *United States v. Booker*, 543 U.S. 220 (2005), we review a district court's sentencing decision for reasonableness in light of the sentencing factors in 18 U.S.C. § 3553(a). *Gall v. United States*, 128 S. Ct. 586, 596-97

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(2007). First, we consider whether the sentence imposed is procedurally sound. Id. at 597. Thereafter, we consider whether the sentence is substantively reasonable, using an abuse-of-discretion standard. Id. A sentence imposed within a properly calculated guideline range is entitled to a rebuttable presumption of reasonableness. Rita v. United States, 127 S. Ct. 2456, 2462 (2007); United States v. Alonzo, 435 F.3d 551, 554 (5th Cir. 2006).

De La Mora first contends that Gall v. United States, 128 S. Ct. 586, 596 (2007), and Kimbrough v. United States, 128 S. Ct. 558 (2007), which were issued after his sentencing, abrogated the rationale of previous Fifth Circuit decisions by broadening the district court's discretion to impose a non-guidelines sentence. He argues, therefore, that the sentencing court labored under a misconception that it could not sentence him below the Guidelines in the absence of "extraordinary circumstances" or based on the court's disagreement with guidelines policy. Because this theory was not argued in the district court, we review for plain error. See Campos-Maldonado, 531 F.3d 337, 339 (5th Cir.), cert. denied, 129 S. Ct. 328 (2008). Nothing in the record suggests that the district court was constrained by this court's precedent from considering all of De La Mora's arguments for a non-guidelines sentence. Accordingly, there was no plain error. See id.

Citing the Supreme Court's decisions in Kimbrough, 128 S. Ct. at 575, and Rita, 127 S. Ct. at 2462, De La Mora additionally argues that the within-guidelines sentence imposed in his case should not be accorded a presumption of reasonableness. De La Mora contends that the justification for applying a presumption of reasonableness in his case is undercut because U.S.S.G. § 2L1.1, the Guideline used to calculate his advisory sentencing guidelines range, was not promulgated according to usual Sentencing Commission procedures and did not take into account "empirical data and national experience." De La Mora portrays the Kimbrough decision as having suggested that the appellate

presumption should not be applied to Guidelines that did not take account of this data and experience.

Our reading of Kimbrough does not reveal any such suggestion. The question presented in Kimbrough was whether "a sentence . . . outside the guidelines range is per se unreasonable when it is based on a disagreement with the sentencing disparity for crack and powder cocaine offenses." 128 S. Ct. at 564. Speaking specifically to the crack cocaine Guidelines, the Court simply ruled that "it would not be an abuse of discretion for a district court to conclude when sentencing a particular defendant that the crack/powder disparity yields a sentence 'greater than necessary' to achieve § 3553(a)'s purposes, even in a mine-run case." Id. at 575. In Kimbrough, the Court said nothing of the applicability of the presumption of reasonableness.

The appellate presumption is therefore applicable in this case. After considering the substantive reasonableness of the sentence imposed by the district court, we hold that De La Mora's appellate arguments fail to establish that his sentence is unreasonable.

De La Mora also contends that the district court's written judgment erroneously identifies the offense of conviction. De La Mora specifically asserts that he pleaded guilty to "being found in the United States following deportation" but that his judgment wrongly states that he was convicted of the distinct offense of illegal reentry. De La Mora argues that the judgment must be vacated and remanded for correction of the clerical error, pursuant to FED. R. CRIM. P. 36

Rule 36 authorizes us to correct only clerical errors, which exist when "the court intended one thing but by merely clerical mistake or oversight did another." United States v. Steen, 55 F.3d 1022, 1025-26 n.3 (5th Cir. 1995). In the district court's judgment, the "Nature of Offense" description (i.e., "Re-entry of a deported alien") so closely tracks the § 1326 title, "[r]eentry of removed aliens," that it bears no indicia of the district court having made a mistake or

oversight.  Rather, it appears that the district court intended the "Nature of Offense" to refer generally to the title of § 1326.  Such a method of reference to § 1326 is not uncommon; in fact, this court has often used the term "illegal reentry" in reference to violations of § 1326 generally.  See, e.g., United States v. Gunera, 479 F.3d 373, 376 (5th Cir. 2007).  Thus, it appears that the manner in which the district court's written judgment identifies De La Mora's offense is an intentional reference to § 1326 generally, and such is not a clerical error.

Accordingly, the district court's judgment is AFFIRMED.